IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| CNH Industrial Capital America LLC, f/k/a CNH Capital America, LLC,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>Able Contracting, Inc. and Chandler M. Lloyd,<br><br>　　　　　　Defendants. | Civil Action No. 9:16-cv-2520-RMG<br><br>**ORDER and OPINION** |
| Able Contracting, Inc. and Chandler M. Lloyd,<br><br>　　　　　　Third-Party Plaintiffs,<br><br>v.<br><br>CNH Industrial America LLC and G, J & L, Inc. d/b/a Border Equipment,<br><br>　　　　　　Third-Party Defendants. | |

　　　　This matter comes before the Court on Third-Party Defendants' motions to dismiss for failure to state a claim. (Dkt. Nos. 43, 44). For the reasons below, the Court GRANTS the motions.

## I. Background

　　　　On July 12, 2016, Plaintiff CNH Industrial Capital America LLC ("CNH Capital") brought a lawsuit against Defendants Able Contracting and Chandler Lloyd. The complaint consisted of the following causes of action: (1) breach of contract claims based on Defendants' alleged nonpayment of balances owed under three sales contracts for new equipment; (2) CNH

Capital's right to possession of a tractor; and (3) breach of a personal guaranty executed by Defendant Lloyd. (Dkt. No. 1).

In their answer, Defendants/Third-Party Plaintiffs brought a third-party complaint against Third-Party Defendants CNH Industrial America LLC ("CNH Industrial") and G, J & L ("Border") alleging 10 different causes of action: (1) breach of contract, (2) breach of warranty, (3) breach of contract with fraudulent intent, (4) fraud, (5) violation of South Carolina's Unfair Trade Practices Act, (6) violation of the Fair Practices of Farm, Construction, Industrial, and Outdoor Power Equipment Manufacturers, Distributors, Wholesalers, and Dealers Act, (7) violation of S.C. Code § 39-50-10 *et seq.* against CNH only, (8) negligence against Border only, (9) equitable indemnity and (10) rejection of goods. (Dkt. No. 18).

Third-Party Defendants filed motions to dismiss the third-party complaint, arguing, *inter alia*, that they were improperly impleaded third parties because the claims against them are not derivative claims. (Dkt. Nos. 43, 44).

## II. Legal Standard

Impleader is controlled by Rule 14(a) of the Federal Rules of Civil Procedure, which states, "[a] defending party may, as a third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." The Rule also provides that "[a]ny party may move to strike the third-party claim, to sever it, or to try it separately." Fed.R.Civ.P. 14(a)(4). "Courts are granted wide discretion in determining whether to permit such third party procedure." *United States v. Joe Grasso & Son, Inc.*, 380 F.2d 749, 751 (5th Cir. 1967) (internal quotations omitted).

"The third party claim must be 'derivative' of the plaintiff's claim because '[d]erivative liability is central to the operation of Rule 14.'" *Scott v. PPG Indus. Inc.*, No. 89–2362, 1990

2

WL 200655, at *3 (4th Cir. Dec.13, 1990) (unpublished) (quoting *Watergate Landmark Condo. Unit Owners' Ass'n v. Wiss, Janey, Elstern Assoc.*, 117 F.R.D. 576, 578 (E.D. Va. 1987)). "It is not sufficient that the third-party claim is a related claim; the claim must be derivatively based on the original plaintiff's claim." *Id.* (quoting *United States v. One 1977 Mercedes Benz*, 708 F.2d 444, 452 (9th Cir. 1983), *cert. denied*, 464 U.S. 1071 (1984)). "Rule 14(a) does not allow the defendant to assert a separate and independent claim even though the claim arises out of the same general set of facts as the main claim." *United States v. Olavarrieta*, 812 F.2d 640, 643 (11th Cir. 1987); *Laughlin v. Dell Fin. Servs.*, 465 F.Supp.2d 563, 566 (D.S.C. 2006). In other words, impleader "must involve an attempt to pass on to the third party all or part of the liability asserted against the defendant. . . . An impleader claim may not be used to assert any and all rights to recovery arising from the same transaction or occurrence as the underlying action." Moore's Federal Practice § 14.04[3][a]. A third-party claim may be asserted under Rule 14(a)(1) *only when the third party's liability is in some way dependent on the outcome of the main claim or when the third party is secondarily liable to the defending party.* Wright, Miller, Kane and Marcus, 6 Federal Practice and Procedure Civil § 1446 (emphasis added).

Therefore, at least one of the Third-Party Defendants' claims must satisfy two requirements: (1) "the non-party must be potentially liable to the third party plaintiff," and (2) "the non-party's liability must relate to the plaintiff's claim against the defendant/third party plaintiff such that the third party defendant's liability arises only if the defendant/third-party plaintiff is first held liable to plaintiff." *Tetra Tech EC/Tsoro Joint Venture v. Sam Temples Masonry, Inc.*, No. 10–1597, 2011 WL 1048964, at *6 (D.S.C. Mar. 21, 2011).

### III. Discussion

Because indemnification is a "classic case for impleader," Moore's Federal Practice § 14.04[3][b], and a party asserting an impleader claim can join additional claims under permissive joinder rules, *id.* § 14.04[3][c], the Court first turns to Third-Party Plaintiffs' equitable indemnification claim. "In order to sustain a claim for equitable indemnity, the existence of some special relationship between the parties must be established." *Toomer v. Norfolk S. Ry. Co.*, 544 S.E.2d 634, 637 (S.C. Ct. App. 2001).

Here, Third-Party Plaintiffs have failed to establish such a relationship with either third-party defendant. Third-Party Defendant CNH Industrial is the manufacturer of machinery that was sold to Third-Party Plaintiffs through Third-Party Defendant Border, an independent dealer. To the extent Third-Party Plaintiffs have alleged *any* relationship with CNH Industrial, it is indirect rather than special. And although the South Carolina Supreme Court has held that a purchaser of a defective vehicle was entitled to indemnification from the seller, the court ostensibly did so under a breach of warranty theory instead of equitable indemnity, and the underlying lawsuit in that case was for an accident caused by the defective condition of the vehicle rather than nonpayment of balances on a sales contract or breach of a personal guarantee. *See Stuck v. Pioneer Logging Mach., Inc.*, 301 S.E.2d 552, 553 (S.C. 1983). Accordingly, Third-Party Plaintiffs' claims for equitable indemnification must be dismissed.

The Court next turns to Third-Party Plaintiffs' remaining nine claims: (1) breach of contract, (2) breach of warranty, (3) breach of contract with fraudulent intent, (4) fraud, (5) violation of South Carolina's Unfair Trade Practices Act, (6) violation of the Fair Practices of Farm, Construction, Industrial, and Outdoor Power Equipment Manufacturers, Distributors, Wholesalers, and Dealers Act, (7) violation of S.C. Code § 39-50-10 *et seq.* against CNH only,

(8) negligence against Border only, and (9) rejection of goods. Each of these claims fails to satisfy the impleader requirement that "the third party defendant's liability arises *only if* the defendant/third-party plaintiff is first held liable to plaintiff." *Tetra Tech EC/Tsoro Joint Venture v. Sam Temples Masonry, Inc.*, No. 10–1597, 2011 WL 1048964, at *6 (D.S.C. Mar. 21, 2011) (emphasis added). Third-Party Plaintiffs could bring these claims against Third-Party Defendants even if Third-Party Plaintiffs were not held liable to Plaintiffs for the underlying claims in the initial complaint. In other words, although Third-Party Defendants may be liable to Third-Party Plaintiffs, any liability from the claims asserted is not derivative, as required by Rule 14.

Third-Party Plaintiffs make two arguments for why its third-party claims are proper: (1) any liability incurred by Third-Party Plaintiffs would not have occurred but for Third-Party Defendants' misconduct and misrepresentations; and (2) Third-Party Plaintiffs' third-party claims all rely on the same nucleus of operative fact. (*See, e.g.*, Dkt. No. 47 at 11). These arguments are meritless, both independently and in the aggregate. Even if both assertions are true, Third-Party Plaintiffs' claims still fails to meet Rule 14's derivative-liability requirement because Third-Party Defendants' alleged liability is independent of Defendants/Third-Party Plaintiffs' liability.

## IV. Conclusion

For the abovementioned reasons, the Court **GRANTS** Third-Party Defendants' motions to dismiss. (Dkt. Nos. 43, 44).

**AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Court Judge

5

February 7, 2017
Charleston, South Carolina